Filed 7/7/22  P. v. Jones CA2/8

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION EIGHT

| | |
|---|---|
| THE PEOPLE, | B314612 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No.  SA101891) |
| v. | |
| JOSEPH WAYNE JONES, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, William L. Sadler, Judge.  Appeal dismissed.

Richard B. Lennon, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

We review this appeal pursuant to *People v. Wende* (1979) 25 Cal.3d 436.

On December 17, 2019, appellant was charged with one count of second degree burglary in violation of Penal Code section 459. The complaint alleged nine prior serious or violent felony convictions pursuant to Penal Code sections 667, subdivisions (b)–(j), 1170, subdivision (h)(3) and 1170.12. It also alleged appellant did not remain free of prison custody for a period of five years and therefore qualified for sentencing as described in Penal Code section 667.5.

On December 26, 2019, appellant pleaded no contest to burglary in the second degree. The court recited the terms of the plea agreement: a plea of no contest to second degree burglary with a sentence in state prison of the upper term of three years. Prior strike and violent felony allegations would be dismissed. Both counsel agreed to the terms as set forth by the trial court. The court denied probation and sentenced appellant to state prison to be served "in local prison" for the upper term of three years. The court selected the upper term of three years pursuant to the plea agreement.

On January 17, 2020, appellant was present in court and stated he wished to withdraw his plea because he was told he would serve his term in county jail, rather than in state prison, which is what he had bargained for because he would get more custody credits. Appellant also asked for a *Marsden*[1] hearing. The matter was re-set for January 23, 2020.

On January 23, 2020, the court vacated the sentence without objection and set a new sentencing date of February 11,

---

[1]     *People v. Marsden* (1970) 2 Cal.3d 118.

2020.  The court also conducted a *Marsden* hearing at which appellant advised the court the public defender's office had a conflict representing him and he was recovering from a head injury at the time of the plea.  The public defender explained there was no conflict.  The court found no grounds to relieve counsel based on the colloquy it had with appellant at the time of the plea.  It continued the *Marsden* hearing, asking the public defender's office to look into the conflict issue again.  The court continued the hearing to February 25, 2020.

On February 25, 2020, appellant again told the court that his attorney had a conflict representing him.  The hearing was adjourned for a few hours so both counsel could speak to their respective agent and client.  When the hearing resumed appellant agreed to be resentenced and did not raise the conflict issue again. The matter was then continued again to March 19, 2020, and again to January 26, 2021 for resentencing.

 By January 26, 2021, appellant had been released from custody on bail, but he was in quarantine due to Covid.  Resentencing was continued to March 10, 2021.  On March 10, 2021, appellant failed to appear.  The court issued a no bail bench warrant.

By July 8, 2021, appellant was back in custody.  On July 28, 2021, the court sentenced appellant to three years in state prison pursuant to the plea agreement.  The court denied appellant's request for mental health diversion as it was imposing sentence pursuant to a plea agreement appellant had reached with the People and there was nothing that "would indicate to me that you have a mental health condition or problem . . . .  In fact, I can see that you actually provided to the court some pro per motions that would indicate to me that you

3

are quite lucid, and that you were able to understand the consequences and the waiver of rights when you entered your plea." Appellant reiterated that when he entered his plea he "just had busted my head inside the county jail . . . . I was not in the right state when I did that. Medical Records will show that." The court again stated there was nothing in the record or the plea colloquy to indicate appellant did not understand the consequences of the plea agreement. The court stayed all court costs and fines pursuant to *People v. Duenas* (2019) 30 Cal.App.5th 1157. On August 12, 2021, appellant filed a notice of appeal.

On March 29,2022, counsel filed a *Wende* brief, informed appellant of his right to file a supplemental brief, and sent him copies of the transcripts of the record on appeal and the brief. That same day we advised appellant he had 30 days within which to personally submit contentions or issues he wants us to consider. On April 13, 2022, appellant filed a brief which we discuss below.

We have examined the record and are satisfied appellant's counsel fully complied with his responsibilities and no arguable issues exist. (*People v. Kelly* (2006) 40 Cal.4th 106, 109–110; *People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

In his supplemental brief appellant raises issues he previously raised in a petition for writ of habeas corpus filed in the Superior Court under case No. SA101891. As reflected in the Order re Writ of Habeas Corpus filed January 3, 2022, which appellant attached to his supplemental briefing, the superior court has already adjudicated these issues against him. In our discretion, we will address these issues anew and likewise rule

4

against appellant on the same grounds cited by the superior court.

First, he argues that the abstract of judgment must be corrected. The operative abstract of judgment is part of the record on appeal. It shows an upper term three-year sentence for second degree burglary. It also shows appellant was sentenced "to prison per PC 1170(a) or 1170(h)(3) due to . . . current or prior serious or violent felony." This conforms with the reporter's transcript of the sentencing proceeding on July 28, 2021. Appellant states his booking number is incorrect. An incorrect booking number is a matter to be taken up with the California Department of Corrections and Rehabilitation as it does not appear material to any substantive issues appellant has raised on appeal. Nor has appellant noted adverse consequences he has suffered from the alleged incorrect denotation of his jail booking number.

Next appellant contends that because the original sentence was vacated (instead of amended), he lost custody credits he otherwise would have received. He alleges ineffective assistance of his counsel for not insisting that the sentence be amended rather than vacated. However, appellant originally asked the court to vacate his plea (and necessarily the sentence) because he wanted a state prison sentence, not local jail time. When the court suggested on January 23, 2020, that the proper remedy for his problem was to vacate the sentence imposed for "local" custody, he readily and personally agreed. It is also apparent he agreed to this procedure because he wanted to fulfill unspecified conditions he and his counsel had worked out with the People for a new and lesser sentence. That he failed to fulfill those

5

conditions and get the benefit of a different bargain cannot now be ascribed to ineffective assistance of counsel.

Appellant contends he cannot be sentenced to the upper term on a nonviolent offense. However, he agreed to the negotiated upper term (in lieu of the nine serious and violent felony enhancements alleged in the complaint). He cannot complain about the sentence he ratified.

Appellant also states that one of the conditions of his plea agreement was that he would not be subject to probation or parole. The transcript of the terms of the plea agreement, as recited by the court and counsel, does not support his contention.

Finally, appellant argues that his counsel was ineffective for not moving for mental health diversion as his sentence. Appellant agreed to plead no contest and receive a prison sentence of three years in return for the People's agreement to move to dismiss the sentencing allegations (which they did). Mental health diversion was not part of the plea agreement. Counsel was not ineffective for holding appellant and the People to the terms they had agreed upon.

**DISPOSITION**

The appeal is dismissed.

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

STRATTON, P. J.

We concur:

WILEY, J.

HARUTUNIAN, J.*

---

*        Judge of the San Diego Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

7